UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-21285-CIV-COOKE/BANDSTRA

STRUCTURAL TENTING CORP., *et al.*,

    *Plaintiffs*,

v.

THE TERMITE DOCTOR,

    *Defendant.*
_____/

**<u>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION</u>**

This matter is before me on Plaintiffs' Motion For Preliminary Injunction [D.E.18], filed on January 8, 2010.  For the reasons set forth below, I am denying Plaintiffs' motion.

**I.     Background**

Plaintiff Structural Tenting Corp. ("Structural") is the owner of all rights, title and interest in and to a patented tarpless fumigation method (the "'027 patent").  The '027 patent, issued on June 11, 2002, describes a method for the fumigation of perishables within an existing refrigerated cargo container that does not require the refrigerated cargo container to be tented. Structural gave Plaintiff Al-Flex Exterminators, Inc. ("Al-Flex" and, together with Structural, "Plaintiffs") an exclusive license to market, offer and practice the method disclosed and claimed in the '027 patent. The U.S. Department of Agriculture ("USDA") approved the Plaintiffs' tarpless fumigation as an acceptable method for fumigating imported perishable items and other plants and plant products on May 1, 2001, after a three month pilot study. Defendant The Termite Doctor, LLC ("Termite Doctor") announced that the USDA had approved its use of the tarpless container fumigation method as of April 3, 2009. Plaintiffs have not authorized Defendant's use of the method claimed in the '027 patent.

**II.     Analysis**

A preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted. *Nat'l Steel Car, Ltd. v. Can. Pacific Ry., Ltd.*, 357 F.3d 1319, 1324 (Fed. Cir. 2004).[1] The purpose of a preliminary injunction is merely to perserve the relative positions of the parties until a trial on the merits can be held. *Abbott Lab. v. Sandoz, Inc.*, 544 F.3d 1341, 1344-45 (Fed. Cir. 2008). Plaintiffs are entitled to a preliminary injunction only if they can succeed in showing (1) a reasonable likelihood of success on the merits; (2) irreparable harm if the injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's favorable impact on the public interest. *Amazon.com, Inc. v. Barnesandnoble.com*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (citations omitted). Federal circuit case law requires that a movant cannot be granted a preliminary injunction unless it establishes *both* of the first two factors. *Id.* I am denying Plaintiffs' motion because they have not established a likelihood of irreparable harm.

**Irreparable Harm**

A trial court need not make a finding on the movant's likelihood of success on the merits if it affords the movant the benefit of the presumption of irreparable harm and properly finds that presumption rebutted by the non-movant. *Polymer Tech., Inc. v. Bridwell*, 103 F.3d 970, 974 (Fed. Cir. 1996).[2] The presumption of irreparable harm acts as a procedural device which places the ultimate burden of production on the question of irreparable harm onto the alleged infringer.

---

[1]Federal Circuit law applies for issues of substantive patent law and procedural issues related to patent law, as opposed to regional circuit law. *See Fujifilm Corp. v. Benum*, 605 F.3d 1366, 1370 (Fed. Cir. 2010).

[2]The Supreme Court has called into question whether courts may presume irreparable harm when a likelihood of success on the merits is demonstrated. *See eBay, Inc. v. MecExchange, L.L.C.*, 547 U.S. 388 (2006). The Federal Circuit, however, has not resolved this issue conclusively. *See, e.g. Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 702 (Fed. Cir. 2008) ("It remains an open question whether there remains a rebuttable presumption of irreparable harm following eBay") (citations omitted). I am applying the presumption in this case.

*Id*. Defendant argues that Plaintiffs will not be irreparably harmed because they first sough an injunction over eight months after they filed suit in this matter.

A delay in bringing suit may defeat the presumption of irreparable harm. *See, e.g., Weight Watchers Intern., Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 (Fed. Cir. 2005). Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. *Seiko Kabushiki Kaisha v. Swiss Watch Intern., Inc.*, 188 F.Supp. 2d 1350, 1355 (S.D. Fla. 2002) (citation omitted). A plaintiff's delay in seeking an injunction, however, tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay may justify denial of a preliminary injunction. *Id.* at 1355-56. Plaintiffs filed their motion for preliminary injunction in January 2010-- eight months after their Complaint was filed. Moreover, this case was already set for trial in July of 2010 when the motion was filed. I find that Plaintiffs' eight month delay between filing the Complaint and moving for a preliminary injunction rebuts the presumption that they would be irreparably harmed by the Defendant's activities.

### III.  Conclusion

For the reason stated above, Plaintiffs' Motion for Preliminary Injunction [D.E. 18] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of June 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*